

**U.S. Department of Justice**

Criminal Division
International Prisoner Transfer Unit

*Office of International Affairs*                    *Washington, D.C. 20530*

November 1, 2019

The Honorable Benjamin W. Cheesbro
United States Magistrate Judge
Frank M. Scarlett Federal Building
801 Gloucester Street
Brunswick, Georgia 31520

      Re:    Verification of Consent to Transfer Hearing for
            William Green, Reg. No. 17107-104
            Case No. 219-mj-27

Dear Judge Cheesbro:

      The Consent Verification Hearing is scheduled for November 18, 2019 at 1:30 p.m.
Enclosed are documents for the above-mentioned prisoner, as well as:

1. Verification of consent to transfer forms;
2. The Council of Europe Convention;
3. 18 U.S.C. §§4100-4115;
4. Proceedings for the Transfer of Offenders to or from Foreign Countries.

      Please note that for security reasons it is BOP policy not to disclose this date to anyone
other than the individuals involved in the consent verification hearing that need to know. As a
result, this information should not be disclosed to anyone else including the prisoner's family
members and consulate. If you have any questions, please call me at 202-514-7245 or
202-514-3173.

                        Sincerely,

                        April L. Days
                        International Prisoner Transfer Unit

cc:    U.S. Attorney's Office, Brunswick, GA
       Theresa Beaton, Federal Public Defender's Office, Brunswick, GA



**U.S. Department of Justice**

Criminal Division
International Prisoner Transfer Unit

*Office of International Affairs*                              *Washington, D.C. 20530*

MEMORANDUM

DATE:        November 1, 2019

TO:          Jamey Koehn
             Federal Bureau of Prisons
             (202-598-8018)

FROM:        April L. Days
             International Prisoner Transfer Unit
             (202-514-7245)

SUBJECT:     Verification of Consent to Transfer Hearing for
             William Green, Reg. No. 17107-104


The consent verification hearing to transfer for above-mentioned prisoner will be held on Monday, November 18, 2019 at 1:30 p.m., United States District Courthouse, 801 Gloucester Street, Brunswick, Georgia. The hearing will be conducted by U.S. Magistrate Judge Benjamin W. Cheesbro (912-262-2602). The prisoner will be represented by Assistant Federal Public Defender Theresa Beaton (912-267-7159). The contact number for the United States Attorney's Office (912-201-2500). The prisoner will be brought by a U.S. Marshal to the lockup at the Courthouse in Brunswick, Georgia by noon in order to meet with Ms. Beaton prior to his hearing.

cc:     Honorable Benjamin W. Cheesbro
        U.S. Magistrate Judge

        Theresa Beaton
        Assistant Federal Public Defender

        Assistant U.S. Attorney



**U.S. Department of Justice**

Criminal Division
International Prisoner Transfer Unit

_Office of International Affairs_                    _Washington, D.C.  20530_

MEMORANDUM

DATE:        November 1, 2019

TO:          Assistant United States Attorney
             Southern District of Georgia

FROM:        April L. Days
             International Prisoner Transfer Unit

SUBJECT:     Verification of Consent to Transfer Hearing for
             William Green, Reg. No. 17107-104


Please prepare a writ/order to produce for the above mentioned prisoner.  Arrange to have him brought to the U.S. Marshal's lockup at the courthouse in Brunswick, Georgia on November 18, 2019 by noon for his verification hearing and return to D. Ray James Correctional Facility.



**U.S. Department of Justice**

Criminal Division
International Prisoner Transfer Unit

_Office of International Affairs_  |  _Washington, D.C.  20530_

Hearing:  November 18, 2019  At:  1:30 p.m.
In:  Brunswick, Georgia
The Honorable Benjamin W. Cheesbro
The Southern District of Georgia

William Green
Reg. No. 17107-104
Country: The Bahamas
Projected Release Date: 04/09/2020
Language:  **English**
Gender: Male
Race: Black
DOB:  121/04/1977
POB:  Freeport, Bahamas
United States District Court
Southern District of Florida / West Palm Beach Division
Case No.: 18-80043-CR-MIDDLEBROOKS



**U.S. Department of Justice**

Criminal Division
International Prisoner Transfer Unit

*Office of International Affairs*         *Washington, D.C. 20530*

### THE INSTRUCTIONS FOR DISTRIBUTING THE SIGNED CONSENT VERIFICATION FORMS FOLLOWING THE COMPLETION OF THE HEARING FOR FEDERAL PRISONERS ARE AS FOLLOWS:

-      One original or certified copy of signed consent form for the Magistrate Judge to maintain for the court records;

-      Two original or certified copies of signed consent forms for the Magistrate Judge to mail to the International Prisoner Transfer Unit along with the recording of the hearing (for U.S. Department of Justice and the Federal Bureau of Prisons records).

Subsequent to the completion of the Consent Verification Proceeding, please email or fax me copies of all signed consent and/or withdrawal form(s) that were executed at the hearing. In addition, please forward to me the original or certified copies of each consent and/or withdrawal form(s) along with the recording of the Verification and Consent Hearing as soon as possible. Our office is required to maintain these records. This is important because the Federal Bureau of Prisons will not make arrangements to collect prisoners until it receives a copy of the executed forms.

April L. Days
International Prisoner Transfer Unit
Office of International Affairs
John C. Keeney Building, 10th Floor
1301 New York Avenue, N.W.
Washington, D.C. 20530
Office: (202) 514-7245 (Direct) / (202) 514-3173 (Main)
Fax: (202) 514-9003
E-mail: April.Days@usdoj.gov

**Place of hearing:**                                         **Docket number:**

**Date:**                          **Prisoner register No.:** 17107-104   **DOJ#:** CRM-236539-03-36-570-F

### VERIFICATION OF CONSENT TO TRANSFER TO BAHAMAS
### FOR EXECUTION OF PENAL SENTENCE OF THE UNITED STATES OF AMERICA

I, William Green, having been duly sworn by a verifying officer appointed under the laws of the United States of America, certify that I understand and agree, in consenting to transfer to the BAHAMAS for the execution of the penal sentence imposed on me by a court of the United States, or a state thereof, that:

1.    My conviction or sentence can only be modified or set aside through appropriate proceedings brought by me or on my behalf in the United States of America;

2.    My sentence will be carried out according to the laws of the BAHAMAS;

3.    If a court of the BAHAMAS should determine upon a proceeding brought by me or on my behalf that my transfer was not accomplished in accordance with the treaty or laws of the BAHAMAS, I may be returned to the United States of America for the purpose of completing my sentence if the United States of America requests my return; and,

4.    Once my consent to transfer is verified by the verifying officer, I may not revoke that consent.

5.    I understand that if I have a motion pending requesting a sentence reduction based on recent retroactive changes to the sentencing guidelines or if I have a motion pending under the recently announced executive clemency program, it is my responsibility to notify the Department of Justice if these motions subsequently result in a change to my sentence.  I understand that this notification is necessary so that the Department will be able to notify the country administering my transferred sentence.  This notification should include a copy of the order and should be sent to: The International Prisoner Transfer Unit, Office of International Affairs, Criminal Division, United States Department of Justice, 1301 New York Avenue, NW, Washington, D.C. 20530.

I have been advised of my right to consult with counsel, and have been afforded the opportunity for such consultation prior to giving my consent to transfer.  I have been advised that if I am financially unable to obtain counsel, one would be appointed for me under the laws of the United States of America free of charge. My consent to transfer is wholly voluntary and not the result of any promises, threats, coercion, or other improper inducements.  I hereby consent to my transfer to the BAHAMAS for the execution of the penal sentence imposed on me by a court of the United States of America, or a state thereof.

_____
Signature of transferring prisoner

Subscribed before me this _____ day of _____, 20____.  Based on the proceedings conducted before me, I find that the above consent was knowingly and understandingly given and is wholly voluntary and not the result of any promises, threats, coercion, or other improper inducements.

_____
Verifying Officer

_____
Print name and office

**Place of hearing**:                                    **Docket number**:

**Date**:                    **Prisoner register No.**: 17107-104   **DOJ#**: CRM-236539-03-36-570-F

## VERIFICATION OF CONSENT TO TRANSFER TO BAHAMAS
## FOR EXECUTION OF PENAL SENTENCE OF THE UNITED STATES OF AMERICA

      I, William Green, having been duly sworn by a verifying officer appointed under the laws of the United States of America, certify that I understand and agree, in consenting to transfer to the BAHAMAS for the execution of the penal sentence imposed on me by a court of the United States, or a state thereof, that:

1.      My conviction or sentence can only be modified or set aside through appropriate proceedings brought by me or on my behalf in the United States of America;

2.      My sentence will be carried out according to the laws of the BAHAMAS;

3.      If a court of the BAHAMAS should determine upon a proceeding brought by me or on my behalf that my transfer was not accomplished in accordance with the treaty or laws of the BAHAMAS, I may be returned to the United States of America for the purpose of completing my sentence if the United States of America requests my return; and,

4.      Once my consent to transfer is verified by the verifying officer, I may not revoke that consent.

5.      I understand that if I have a motion pending requesting a sentence reduction based on recent retroactive changes to the sentencing guidelines or if I have a motion pending under the recently announced executive clemency program, it is my responsibility to notify the Department of Justice if these motions subsequently result in a change to my sentence. I understand that this notification is necessary so that the Department will be able to notify the country administering my transferred sentence. This notification should include a copy of the order and should be sent to: The International Prisoner Transfer Unit, Office of International Affairs, Criminal Division, United States Department of Justice, 1301 New York Avenue, NW, Washington, D.C. 20530.

      I have been advised of my right to consult with counsel, and have been afforded the opportunity for such consultation prior to giving my consent to transfer. I have been advised that if I am financially unable to obtain counsel, one would be appointed for me under the laws of the United States of America free of charge. My consent to transfer is wholly voluntary and not the result of any promises, threats, coercion, or other improper inducements. I hereby consent to my transfer to the BAHAMAS for the execution of the penal sentence imposed on me by a court of the United States of America, or a state thereof.

                                      _____
                                        Signature of transferring prisoner

      Subscribed before me this _____ day of _____, 20____. Based on the proceedings conducted before me, I find that the above consent was knowingly and understandingly given and is wholly voluntary and not the result of any promises, threats, coercion, or other improper inducements.

                                        _____
                                        Verifying Officer

                                        _____
                                        Print name and office

**Place of hearing:**                                    **Docket number:**

**Date:**          **Prisoner register No.:** 17107-104   **DOJ#:** CRM-236539-03-36-570-F

### VERIFICATION OF CONSENT TO TRANSFER TO BAHAMAS
### FOR EXECUTION OF PENAL SENTENCE OF THE UNITED STATES OF AMERICA

     I, William Green, having been duly sworn by a verifying officer appointed under the laws of the United States of America, certify that I understand and agree, in consenting to transfer to the BAHAMAS for the execution of the penal sentence imposed on me by a court of the United States, or a state thereof, that:

1.      My conviction or sentence can only be modified or set aside through appropriate proceedings brought by me or on my behalf in the United States of America;

2.      My sentence will be carried out according to the laws of the BAHAMAS;

3.      If a court of the BAHAMAS should determine upon a proceeding brought by me or on my behalf that my transfer was not accomplished in accordance with the treaty or laws of the BAHAMAS, I may be returned to the United States of America for the purpose of completing my sentence if the United States of America requests my return; and,

4.      Once my consent to transfer is verified by the verifying officer, I may not revoke that consent.

5.      I understand that if I have a motion pending requesting a sentence reduction based on recent retroactive changes to the sentencing guidelines or if I have a motion pending under the recently announced executive clemency program, it is my responsibility to notify the Department of Justice if these motions subsequently result in a change to my sentence. I understand that this notification is necessary so that the Department will be able to notify the country administering my transferred sentence. This notification should include a copy of the order and should be sent to: The International Prisoner Transfer Unit, Office of International Affairs, Criminal Division, United States Department of Justice, 1301 New York Avenue, NW, Washington, D.C. 20530.

     I have been advised of my right to consult with counsel, and have been afforded the opportunity for such consultation prior to giving my consent to transfer. I have been advised that if I am financially unable to obtain counsel, one would be appointed for me under the laws of the United States of America free of charge. My consent to transfer is wholly voluntary and not the result of any promises, threats, coercion, or other improper inducements. I hereby consent to my transfer to the BAHAMAS for the execution of the penal sentence imposed on me by a court of the United States of America, or a state thereof.

_____
Signature of transferring prisoner

     Subscribed before me this _____ day of _____, 20____. Based on the proceedings conducted before me, I find that the above consent was knowingly and understandingly given and is wholly voluntary and not the result of any promises, threats, coercion, or other improper inducements.

_____
Verifying Officer

_____
Print name and office

Instructions:

Court: If the prisoner declines to consent to the transfer, please have the prisoner execute this form. Please fax or email the executed form to the International Prisoner Transfer Unit (fax 202-514-9003) as soon as possible after the hearing and the Prisoner Transfer Unit will notify the foreign government and the United States Bureau of Prisons.

## WITHDRAWAL OF CONSENT TO TRANSFER BY FOREIGN NATIONAL

I, _____, hereby indicate that I am no longer interested
        (PRISONER)

in being transferred to my home country to continue serving the sentence imposed on me by a court in

the United States.

_____   _____
Signature of prisoner                           Date

_____
Prisoner number

_____
Institution or hearing location (City, State or Country)

_____
Verifying Officer or Witness

_____
Print name and office

OEO/IPTU 22-WithdrawalFN



2019 OCT ██ 2 32

September 24, 2019

**BY COURIER**

**Director**
**International Prisoner Transfer Unit**
**Office of Enforcement Operations**
**Criminal Division**
**United States Department of Justice**
**10th & Constitution Avenue, N. W.**
**John C. Keeney Building, 12th Floor**
**Washington  D.C., 20530**
**United States of America**

**Attention: Paula A. Wolff, Chief**

Dear Ms. Wolff:

Re:   **Council of Europe Convention on the Transfer of Sentenced**
      **Persons and the Transfer of Offenders Act, 1992 (Chapter 102)**
      **WILLIAM GREEN: Registration No. 17107-104**

   **Mr. WILLIAM GREEN,** a Bahamian National, has made application to be transferred to The Bahamas pursuant to **The Council of Europe Convention on The Transfer of Sentenced Persons** and the **Transfer of Offenders Act, 1992 (Chapter 102)** to serve the remainder of the sentence imposed upon him by the United States District Court, Southern District of Florida, West Palm Beach Division. We confirm that The Bahamas has agreed to the said transfer and we enclose the following documents in support of his application for transfer:

1. Confirmation that **WILLIAM GREEN** is a Bahamian National for the purpose of the said Convention and the said Act;

2. A statement as to Dual Criminality, and a copy of the relevant laws which provide that the offences for which **WILLIAM GREEN** is in custody in the United States of America would constitute criminal offences if committed in the Commonwealth of The Bahamas;

3. A statement confirming that the "continued enforcement" of the said Convention and the said Act would be applied once **WILLIAM GREEN** has been transferred to the Commonwealth of The Bahamas;

2

4.  A statement in duplicate indicating the nature and duration of the sentence he
    will serve if transferred to The Bahamas in addition to information about
    arrangements for remission; and

5.  A statement of Agreement for **WILLIAM GREEN** to be transferred to The
    Bahamas to continue the sentence imposed upon him by the United States
    District Court, Southern District of Florida, West Palm Beach Division.

If the United States of America accedes to this request for the transfer of
**WILLIAM GREEN,** a copy of the Statement referred to at (4) above should be provided
to **Mr. Green** for his reference and information.

We appreciate your usual cooperation.

Sincerely,

**The Honourable Marvin H. Dames**
**Minister of National Security**

**Enclosures**

COUNCIL OF EUROPE CONVENTION ON THE TRANSFER
OF SENTENCED PERSONS, 1983

AND

THE TRANSFER OF OFFENDERS ACT, 1992
(CHAPTER 102)

## CONFIRMATION OF NATIONALITY

I, **JEWEL MAJOR,** for the purposes of the Council of Europe Convention on the Transfer of Sentenced Persons, 1983 and the Transfer of Offenders Act, 1992 (Chapter 102), **CONFIRM** that **WILLIAM GREEN** is a Bahamian National and was issued Passport No.: R069677.

**JEWEL MAJOR**
**ATTORNEY-AT-LAW**

**ATTESTED BEFORE**

**ANTIONETTE BONAMY**
**DIRECTOR OF LEGAL AFFAIRS**

Dated this 23rd    day of September A. D., 2019.

COUNCIL OF EUROPE CONVENTION ON THE TRANSFER
OF SENTENCED PERSONS, 1983
AND
THE TRANSFER OF OFFENDERS ACT, 1992
(CHAPTER 102)

## STATEMENT AS TO DUAL CRIMINALITY

I, **JEWEL MAJOR**, do state that the offences for which **WILLIAM GREEN** has been

sentenced in the United States of America would constitute criminal offences if

committed in The Bahamas and would be as follows:

**Assisting Illegal Landing contrary to Section 47 (1) (a) (b) (c) of the
Immigration Act, Chapter 191 of The Statute Laws of The Bahamas.**

**JEWEL MAJOR
ATTORNEY-AT-LAW**

**ATTESTED BEFORE**

**ANTIONETTE BONAMY
DIRECTOR OF LEGAL AFFAIRS**

Dated this 23rd day of September A. D., 2019.

**COUNCIL OF EUROPE CONVENTION ON THE TRANSFER
OF SENTENCED PERSONS, 1983**


**AND**


**THE TRANSFER OF OFFENDERS ACT, 1992
(CHAPTER 102)**


**CERTIFICATE**

I, **JEWEL MAJOR,** do hereby certify and attest that the attached extract from the

**Immigration Act, Chapter 191,** is a true and correct copy from The Statute Laws of The

Bahamas.


_____

**JEWEL MAJOR
ATTORNEY-AT-LAW**


**ATTESTED BEFORE**


_____

**ANTIONETTE BONAMY
DIRECTOR OF LEGAL AFFAIRS**


Dated this 23ʳᵈ day of September A. D., 2019.

*26 of 1975, s. 3 &*
*Sch.*
*E.L.A.O., 1974.*

(e)  prohibiting or restricting any ship or class of ships from entering or leaving The Bahamas otherwise than at certain specified ports, requiring any ship or class of ships to discharge cargo or disembark passengers at a specified port, prohibiting or restricting any ship or class of ships from entering or proceeding to, or discharging cargo or disembarking passengers at, any place or port other than a specified port, imposing restrictions or conditions on any ship or class of ships entering any port within The Bahamas and requiring the master of any ship or such other person as may be specified in the regulations to undertake such obligations as may be deemed by the Minister necessary or expedient for giving effect thereto;

(f)  prescribing penalties, not exceeding the penalty specified in section 49, for any offence against any regulations.

*Burden of proof.*
*3 of 1970, s. 2.*

**46.** (1) If any question arises in any proceedings under this Act or under any regulations or in reference to anything done or proposed to be done thereunder as to whether a ship or aircraft has come from a particular country or otherwise, the burden of proving that the ship or aircraft has not come from a particular country shall lie upon the person charged or, as the case may be, upon the person who, in those proceedings, is interested in proving that the ship or aircraft has not come from that particular country.

*3 of 1970, s. 2;*
*18 of 1973,*
*Fourth Sch.;*
*26 of 1975,*
*s. 3 & Sch.*

(2) In any proceedings under this Act, where evidence has been given that a person, other than a citizen of The Bahamas or a permanent resident, is or has been engaged or employed in The Bahamas by or on behalf of any other person in any form of occupation for which, in the ordinary course of conduct, remuneration in money or in money's worth would be payable, it shall be presumed until the contrary is shown, that such first-named person is, or, as the case may be, has been, engaged or employed in gainful occupation by such other person in The Bahamas.

*Assisting illegal*
*landing.*
*6 of 1996, s. 2.*

**47.** (1) Any person who —

(a)  knowingly assists any person to land in The Bahamas; or

other like document was validly issued to him by the country to which it is alleged the ship or aircraft was destined shall be *prima facie* roof that that person had not been given leave to —

(a)  land in The Bahamas; or

(b)  enter the other aforesaid country as the case may be.

(4)  The provisions of subsections (5) and (6) of section 19 shall, without prejudice to subsection (3) of this section, apply *mutatis mutandis* to any proceedings for an offence under this section.

(5)  Any person who commits an offence under this section shall be liable —

(a)  if he is the owner or other person in charge of a ship or aircraft that is used in the commission of an offence, to a fine not exceeding five thousand dollars for each person with respect to whom the offence was committed; or

(b)  if he is a person other than to whom paragraph (a) applies, to a fine not exceeding three thousand dollars,

and to imprisonment for a period not exceeding two years and any ship or aircraft used in the commission of the offence shall be forfeited and shall be proceeded against and condemned in such manner as is prescribed by the Customs Management Act:

Provided that any such ship which is of or below five hundred net tons may be condemned by the Chief Magistrate upon proof to his satisfaction that the ship had been used in the commission of the offence.

Boarding of vessels.
7 of 1979, Sch.

**48.**  Where any officer of the Defence Force or any customs officer or police officer has reasonable grounds for believing that any person on board any vessel which is in the territorial waters of The Bahamas is landing or preparing to land in The Bahamas in contravention of the provisions of this Act, he may board such vessel and exercise the powers conferred on an Immigration Officer under section 8.

General penalty.
26 of 1975, s. 3 & Sch.
6 of 1996, s. 3.

**49.**  Any person who commits or attempts to commit an offence under this Act or any regulations made thereunder shall, except where any other penalty is

COUNCIL OF EUROPE CONVENTION ON THE TRANSFER
OF SENTENCED PERSONS, 1983
AND
THE TRANSFER OF OFFENDERS ACT, 1992
(CHAPTER 102)

## STATEMENT AS TO DUAL CRIMINALITY

I, **JEWEL MAJOR**, do state that the offences for which **WILLIAM GREEN** has been

sentenced in the United States of America would constitute criminal offences if

committed in The Bahamas and would be as follows:

**Assisting Illegal Landing contrary to Section 47 (1) (a) (b) (c) of the**

**Immigration Act, Chapter 191 of The Statute Laws of The Bahamas.**

**JEWEL MAJOR**
**ATTORNEY-AT-LAW**

**ATTESTED BEFORE**

**ANTIONETTE BONAMY**
**DIRECTOR OF LEGAL AFFAIRS**

Dated this 23rd day of September A. D., 2019.

**COUNCIL OF EUROPE CONVENTION ON THE TRANSFER
OF SENTENCED PERSONS, 1983**

**AND**

**THE TRANSFER OF OFFENDERS ACT, 1992
(CHAPTER 102)**

**<u>STATEMENT</u>**

The Bahamas will apply the "Continued Enforcement" provision of the Council of
Europe Convention on The Transfer of Sentenced Persons, 1983 and the Transfer of
Offenders Act, Chapter 102, to Bahamian Nationals transferred from The United States
of America to serve the remainder of their prison sentence in The Commonwealth of The
Bahamas.

_____

**JEWEL MAJOR
ATTORNEY-AT-LAW**



COUNCIL OF EUROPE CONVENTION ON THE TRANSFER
OF SENTENCED PERSONS, 1983
AND
THE TRANSFER OF OFFENDERS ACT, 1992
(CHAPTER 102)

## STATEMENT AS TO THE NATURE AND DURATION OF A SENTENCE TO BE SERVED BY A PRISONER TRANSFERRED TO THE BAHAMAS

**NAME:**                                         **WILLIAM GREEN**

**SENTENCE DATE:**                      **June 13, 2018**

**SENTENCE:**                               **Thirty (30) Months**

**OFFENCE(S):**                             **Conspiracy to Smuggle Aliens, Alien Smuggling**

**JAIL TIME CREDIT:**                        **130 Days**
**GOOD CONDUCT TIME:**                  **54 Days**
**BAHAMAS REMISSION:**                  **304 Days**

**TOTAL DEDUCTION:**                      **488 Days**

**FULL-TERM RELEASE DATE:**          **August 4, 2020**
(from the USA)

**PROJECTED RELEASE DATE:**          **April 21, 2020**
(from the USA)

**PROJECTED RELEASE DATE:**          **December 12, 2020**
(without remission from The Bahamas)

**PROJECTED RELEASE DATE:**          **August 12, 2019**
(with remission from The Bahamas and U.S.A.)

**NOTE:** *The dates in this statement are based on information provided by the Sentencing State. The receipt of subsequent information may alter dates.*



### COUNCIL OF EUROPE CONVENTION ON THE TRANSFER
### OF SENTENCED PERSONS, 1983
### AND
### THE TRANSFER OF OFFENDERS ACT, 1992
### (CHAPTER 102)

## STATEMENT AS TO THE NATURE AND DURATION OF A
## SENTENCE TO BE SERVED BY A PRISONER
## TRANSFERRED TO THE BAHAMAS

**NAME:**                                      **WILLIAM GREEN**

**SENTENCE DATE:**                             **June 13, 2018**

**SENTENCE:**                                  **Thirty (30) Months**

**OFFENCE(S):**                                **Conspiracy to Smuggle Aliens, Alien Smuggling**

**JAIL TIME CREDIT:**                          **130 Days**
**GOOD CONDUCT TIME:**                         **54 Days**
**BAHAMAS REMISSION:**                         **304 Days**

**TOTAL DEDUCTION:**                           **488 Days**

**FULL-TERM RELEASE DATE:**                    **August 4, 2020**
(from the USA)

**PROJECTED RELEASE DATE:**                    **April 21, 2020**
(from the USA)

**PROJECTED RELEASE DATE:**                    **December 12, 2020**
(without remission from The Bahamas)

**PROJECTED RELEASE DATE:**                    **August 12, 2019**
(with remission from The Bahamas and U.S.A.)

NOTE: *The dates in this statement are based on information provided by the Sentencing State. The receipt of subsequent information may alter dates.*

**COMMONWEALTH OF THE BAHAMAS**

**New Providence**

## AGREEMENT

## IN ACCORDANCE WITH THE COUNCIL OF EUROPE CONVENTION ON THE TRANSFER OF SENTENCED PERSONS, 1983 AND THE TRANSFER OF OFFENDERS ACT, 1992 (CHAPTER 102)

**WHEREAS** on the    26    day of  *September*    A.D., 2019,

**WILLIAM GREEN** proved to my satisfaction that he is a person to whom The Council

of Europe Convention on The Transfer of Sentenced Persons, 1983 and The Transfer of

Offenders Act, 1992 (Chapter 102) applies and has consented to being transferred from

the United States of America:

**NOW THEREFORE, I, MARVIN H. DAMES, MINISTER OF NATIONAL**

**SECURITY,** the Minister responsible for Prisons in the Government of The Bahamas in

accordance with the said Act do hereby agree for **WILLIAM GREEN** to be transferred

to The Bahamas to continue the sentence imposed upon him by the United States Judicial

Authorities.

**Given Under My Hand and Seal** in the

City of Nassau in the Island of New

Providence this  *26*  day of  *September*  A. D., 2019.

_____
**THE HONOURABLE MARVIN H. DAMES**
Minister of National Security



**U.S. Department of Justice**

Criminal Division
International Prisoner Transfer Unit

*Office of International Affairs*                    *Washington, D.C. 20530*

**MAY 1 4 2019**

Theo J.P. Neilly
Consul General
The Embassy Consular Annex of the Commonwealth of The Bahamas
1025 Vermont Avenue, NW, Suite 305
Washington, DC 20005

      Re:    William Green, Reg. No. 17107-104
              Approval of Request to Transfer to The Bahamas
              Under the COE Convention on the Transfer of Sentenced Persons

Dear Mr. Neilly:

       On April 11, 2019, the United States approved the request of the above-referenced
prisoner to transfer to The Bahamas to serve his prison sentence.  The prisoner is currently
incarcerated at the D. Ray James Correctional Center, Folkston, Georgia.  The sentence is final at
the present time since there are no appeals or post-judgment collateral proceedings pending.
Enclosed for your consideration are the following documents:

      1.      Transfer inquiry form;

      2.      Copy of birth certificate and/or passport (not available);

      3.      Copy of the certified judgment;

      4.      Certified copy of the applicable laws;

      5.      Information concerning administration of the sentence;

      6.      Case summary and addendum; and

      7.      Fingerprints and photograph.

*Record TG 5/6/19 MB S(6)A   Paw 5/8/19*

If The Bahamas decides to approve the prisoner's transfer, please provide the following:

1. A document or statement confirming that The Bahamas approves or consents to the transfer;

2. A document or statement confirming that the prisoner is a national of The Bahamas for the purposes of the Convention;

3. A copy of the relevant law which makes the offense for which the prisoner is in custody in the United States a criminal offense in The Bahamas;

4. A statement as to whether the "continued enforcement" procedure or the "conversion of sentence" procedure would be applied; and

5. A statement indicating the nature and duration of the sentence which the prisoner will serve if he is transferred. Please include information about arrangements for remission and conditional release.

Sincerely,

Paula A. Wolff, Associate Director
International Prisoner Transfer Unit

Enclosures (6)

cc:   Attorney General of the Commonwealth of The Bahamas, Nassau, Bahamas

cc (without enclosures):
        Consulate General of the Commonwealth of The Bahamas, Atlanta, GA
        Jamey Koehn, Federal Bureau of Prisons, Washington, D.C.
        William Green

BP-A0297
APR 15

Transfer Inquiry and view

U.S. DEPARTMENT OF JUSTICE

FEDERAL BUREAU OF PRISONS

| 1.  Name<br>Green, William | 2.  Date of Birth<br>12-04-1977 |
|---|---|
| 3.  Register Number<br>17107-104 | 4.  Citizenship<br>Bahamas |
| 5.  Institution<br>DRJCF | 6.  Place of Birth<br>Bahamas |
| 7.  Sentence<br>60 Months with 2 years of Supervised Release to follow | 8.  Offense<br>Conspiracy to smuggle aliens; Smuggling aliens |

9.  Language Preference   Spanish / English

| 10.   ✓   Eligible<br><br>Ineligible | 11.  If ineligible:<br>____  Less than six months to serve<br>____  Currently pending appeal<br>____  Mexican National – Immigration Charges Only<br>____  Mexican National – Life Sentence<br>____  Other per PS 5140.40 |
|---|---|

J. Shivar
**Case Manager (PRINT/SIGNATURE)**

Danny Lengus
Reviewed by Unit Manager (PRINT/SIGNATURE)

**YES, I AM INTERESTED:**
I hereby indicate an interest in being transferred to continue serving the sentence imposed by United States Judicial Authorities to the country of citizenship or nationality indicated above.  I understand that this is just an inquiry to obtain data before the actual request for transfer and is not binding upon either the government or me.  I understand that I will need to contact my consulate and notify them of my interest in transfer in order for my home country to verify my citizenship or nationality and to initiate any separate transfer procedure applicable in my country.  I understand that failure to make such contact may significantly delay or prevent a favorable decision on my transfer request. I understand that upon approval for transfer, I will be required to attend a consent verification hearing before a United States Magistrate Judge. I have indicated above the language preference for my verification hearing and understand an interpreter will be available if necessary.

I understand I am not eligible for transfer if I have an appeal or collateral attack pending, but that I may apply for transfer when the appeal or collateral attack process has concluded.

| Inmate Signature<br>William Green | Date<br>8-23-18 |
|---|---|

**NO, I AM NOT INTERESTED:**
I hereby indicate that at this time, I am NOT interested in being transferred to continue serving the sentence imposed by the United States Judicial authorities, to the country of the citizenship indicated above.  I understand I can apply at any time.

| Inmate Signature | Date |
|---|---|
| | |

File in Inmate Central File, Section 2, except if FOI Exempt

PDF

Prescribed by P5140

Replaces BP-297(51) of AUG 05

FILE IN SECTION 2 UNLESS APPROPRIATE FOR PRIVACY FOLDER

SECTION 2

USDC FLSD 245B (Rev. 09/08) - Judgment in a Criminal Case                    Page 1 of 6

# UNITED STATES DISTRICT COURT
## Southern District of Florida
### West Palm Beach Division

UNITED STATES OF AMERICA          **JUDGMENT IN A CRIMINAL CASE**
v.
**WILLIAM GREEN**                 Case Number: **18-80043-CR-MIDDLEBROOKS**
                                  USM Number: **17107-104**

                                  Counsel For Defendant: **Robert Adler**
                                  Counsel For The United States: **Ellen Cohen**
                                  Court Reporter: **Stephen Franklin**

**The defendant pleaded guilty to count(s) One and Eleven through Nineteen.**

The defendant is adjudicated guilty of these offenses:

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 8 U.S.C. §1324(a)(1)(A)(v)(I) and (a)(1)(B)(i) | Conspiracy to smuggle aliens | 02/03/2018 | 1 |
| 8 U.S.C. §1324(a)(2)(B)(ii) | Alien smuggling | 02/03/2018 | 11-12 |
| 8 U.S.C. §1324(a)(2)(B)(ii) | Alien smuggling | 02/03/2018 | 13-19 |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**All remaining counts are dismissed on the motion of the government.**

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Date of Imposition of Sentence: **6/13/2018**

**Donald M. Middlebrooks**
**United States District Judge**

Date: _____ 6/13/18 _____

USDC FLSD 245B (Rev. 09/08) - Judgment in a Criminal Case           Page 2 of 6

DEFENDANT: **WILLIAM GREEN**
CASE NUMBER: **18-80043-CR-MIDDLEBROOKS**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **SIXTY (60) MONTHS as to each of Counts 1 and 11 through 19 to run concurrently.**

**The court makes the following recommendations to the Bureau of Prisons:**

     **1.  The Defendant be designated to a facility in or as close to South Florida as possible**

**The defendant is remanded to the custody of the United States Marshal.**

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

_____

_____


Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.




                            _____

                            UNITED STATES MARSHAL


                            _____

                            DEPUTY UNITED STATES MARSHAL

USDC FLSD 245B (Rev. 09/08) - Judgment in a Criminal Case

DEFENDANT: **WILLIAM GREEN**
CASE NUMBER: **18-80043-CR-MIDDLEBROOKS**

### SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **TWO (2) YEARS as to each of Counts 1 and 11 through 19 to run concurrently**.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

**The defendant shall cooperate in the collection of DNA as directed by the probation officer.**

**The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.**

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

### STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;
2. The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first fifteen days of each month;
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. The defendant shall support his or her dependents and meet other family responsibilities;
5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11. The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

USDC FLSD 245B (Rev. 09/08) - Judgment in a Criminal Case                                          Page 4 of 6

DEFENDANT: **WILLIAM GREEN**
CASE NUMBER: **18-80043-CR-MIDDLEBROOKS**

## SPECIAL CONDITIONS OF SUPERVISION

Surrendering to Immigration for Removal After Imprisonment - At the completion of the defendant's term of imprisonment, the defendant shall be surrendered to the custody of the U.S. Immigration and Customs Enforcement for removal proceedings consistent with the Immigration and Nationality Act. If removed, the defendant shall not reenter the United States without the prior written permission of the Undersecretary for Border and Transportation Security. The term of supervised release shall be non-reporting while the defendant is residing outside the United States. If the defendant reenters the United States within the term of supervised release, the defendant is to report to the nearest U.S. Probation Office within 72 hours of the defendant's arrival.

USDC FLSD 245B (Rev. 09/08) - Judgment in a Criminal Case                                                    Page 5 of 6

DEFENDANT: **WILLIAM GREEN**
CASE NUMBER: **18-80043-CR-MIDDLEBROOKS**

### CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $1,000.00 | $0.00 | $0.00 |

**If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.**

| NAME OF PAYEE | TOTAL LOSS* | RESTITUTION ORDERED | PRIORITY OR PERCENTAGE |
|---|---|---|---|
|  |  |  |  |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

**Assessment due immediately unless otherwise ordered by the Court.

USDC FLSD 245B (Rev. 09/08) - Judgment in a Criminal Case                                                                         Page 6 of 6

DEFENDANT: **WILLIAM GREEN**
CASE NUMBER: **18-80043-CR-MIDDLEBROOKS**

### SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A. Lump sum payment of $1,000.00 due immediately.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

This assessment/fine/restitution is payable to the CLERK, UNITED STATES COURTS and is to be addressed to:

**U.S. CLERK'S OFFICE**
**ATTN: FINANCIAL SECTION**
**400 NORTH MIAMI AVENUE, ROOM 08N09**
**MIAMI, FLORIDA 33128-7716**

The assessment/fine/restitution is payable immediately. The U.S. Bureau of Prisons, U.S. Probation Office and the U.S. Attorney's Office are responsible for the enforcement of this order.

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

| CASE NUMBER DEFENDANT AND CO-DEFENDANT NAMES (INCLUDING DEFENDANT NUMBER) | TOTAL AMOUNT | JOINT AND SEVERAL AMOUNT |
|---|---|---|

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

<u>Administration of the Sentence</u>

Name:  William Green

Sentence: 30 months

Starting date of Sentence: June 13, 2018

Jail time credit: 130 days

Good conduct time earned as of April 24, 2019:  54 days

Full term release date:  August 4, 2020
(Maximum sentence)

Projected release date if prisoner remains in the United States:  April 21, 2020